IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARVIN HARRIS,

    Plaintiff,

  v.

J. McCALL, et al.,

    Defendants.

Case No.: C 14-0952 CW (PR)

ORDER OF SERVICE AND DIRECTING COURT CLERK TO PROVIDE PLAINTIFF WITH BLANK CIVIL RIGHTS FORM

INTRODUCTION

Plaintiff, a state prisoner incarcerated at Salinas Valley State Prison (SVSP), has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by employees at SVSP.[1]  His motion for leave to proceed in forma pauperis is granted in a separate order.

DISCUSSION

I. Legal Standard

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  Id.

---

[1] This case was transferred from the Eastern District of California.

§ 1915A(b)(1), (2).  Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right.  Lemire v. Cal. Dept. Corrections & Rehabilitation, 726 F.3d 1062, 1074 (9th Cir. 2013); Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  Leer, 844 F.2d at 633.  Under no circumstances is there respondeat superior liability under § 1983.  Lemire, 726 F.3d at 1074.  Or, in layman's terms, under no circumstances is there liability under § 1983 solely because one is responsible for the actions or omissions of another.  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984).  A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal

2

connection between the supervisor's wrongful conduct and the constitutional violation. Henry A. v. Willden, 678 F.3d 991, 1003-04 (9th Cir. 2012) (citing Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011)).

II. Plaintiff's Allegations

Plaintiff's sparse allegations state that Defendants C. Barela, J. McCall, P. Barnes and A. Partida retaliated against him for filing a lawsuit against staff by taking his legal and personal property from him and by deleting information from his criminal record. Plaintiff also states that, on January 10, 2014, Defendant McCall falsely accused him of burglary, oral copulation, petty theft, automobile theft, and assault on an inmate.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) an assertion that a state actor took some adverse action against an inmate; (2) because of; (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).  Prisoners may not be retaliated against for exercising their right of access to the courts. Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995). The right of access to the courts extends to established prison grievance procedures. Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) overruled on other grounds by Shaw v. Murphy, 532 U.S. 223, 230 n.2 (2001).  Thus, a prisoner may not be retaliated against for using such procedures. Rhodes, 408 F.3d at 567.

3

1    Liberally construed, Plaintiff's complaint alleges a First Amendment retaliation claim against the named Defendants. However, his allegation that McCall falsely accused him of committing various crimes does not state a cognizable claim. Plaintiff does not allege that McCall acted in retaliation for his filing lawsuits and calling someone names or lying about him is not a constitutional violation.  See Cornejo v. County of San Diego, 504 F.3d 853, 855 n.3 (9th Cir. 2007) (stating that defamation, libel, and slander are state law causes of action); Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997) (recognizing that verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983), overruled in part on other grounds by Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008). Therefore, this claim is dismissed.  Dismissal is with leave to amend for Plaintiff to allege a constitutional violation, if he truthfully can do so.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.   Plaintiff's claim based on allegations of verbal harassment is dismissed with leave to amend.

2.   Within twenty-eight (28) days from the date of this Order, Plaintiff may file an amended complaint in order to cure the deficiencies noted above.  Plaintiff shall use the court's civil rights complaint form, a copy of which is provided herewith, and include in the caption both the case number of this action, No. C 14-0952 CW (PR), and the heading "AMENDED COMPLAINT."

Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes

4

to present.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material from the original complaint by reference.  Failure to amend within the designated time will result in the dismissal of this claim; the First Amendment retaliation claim will proceed in accordance with the schedule set out below.

   3. Plaintiff states a cognizable First Amendment retaliation claim against all the named Defendants.

   4. In order to encourage the just, speedy and inexpensive determination of 42 U.S.C. § 1983 cases filed in this district, the parties may waive their right to proceed before a district judge and consent to proceed before a magistrate judge for all purposes.  Attached to this Order is a Notice of Option to Consent to Proceed Before United States Magistrate Judge and an Order requiring the parties to notify the Court whether they consent or decline to so proceeding.  The parties shall complete the requisite consent or declination form and return it to the Court no later than twenty-eight days from the date of this Order.

   5. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint (docket no. 1) and all attachments thereto, a copy of this Order, and a copy of the form "Consent or Declination to Magistrate Judge Jurisdiction" to SVSP employees J. McCall, C. Barela, P. Barnes and A. Partida.  The Clerk shall also mail a copy of the complaint and a copy of this Order to the California Attorney General's Office.  Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

6. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for the failure to sign and return the waiver forms.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before sixty days from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)

Defendants are advised to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the answer shall be due sixty days from the date on which the request for waiver was sent or twenty days from the date the waiver form is filed, whichever is later.

7. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

    a. No later than thirty days from the date the answer is due, Defendants shall file a motion for summary judgment or other dispositive.  If Defendants file a motion for summary judgment, it shall be supported by adequate factual documentation

6

and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

At the time of filing the motion for summary judgment or other dispositive motion, Defendants shall comply with the Ninth Circuit's decisions in Woods v. Carey, 684 F.3d 934 (9th Cir. 2012), and Stratton v. Buck, 697 F.3d 1004 (9th Cir. 2012), and provide Plaintiff with notice of what is required of him to oppose a summary judgment motion or a motion to dismiss.

   b.  Plaintiff's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on Defendants no later than twenty-eight days after the date on which Defendants' motion is filed.

Before filing his opposition, Plaintiff is advised to read the notice that will be provided to him by Defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' summary judgment motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

7

      c.  Defendants shall file a reply brief no later than fourteen days after the date Plaintiff's opposition is filed.

      d.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

8.  Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.

9.  All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

10.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11.  Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than fourteen days prior to the deadline sought to be extended.

12.  The Clerk of the Court shall provide Plaintiff with a blank civil rights complaint form.

IT IS SO ORDERED.

Dated:  4/4/2014

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE