IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN HARRIS,<br><br>     Plaintiff,<br><br>  v.<br><br>J. McCALL, et al.,<br><br>     Defendants. | Case No.: C 14-0952 CW (PR)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS AND DISMISSING COMPLAINT |

Plaintiff, a state prisoner incarcerated at New Folsom State Prison, has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by employees at Salinas Valley State Prison, where he was formerly incarcerated. On April 4, 2014, the Court issued an Order of Service. The Court granted Plaintiff's motion to proceed in forma pauperis (IFP). On June 11, 2014, Defendants filed a motion, under 28 U.S.C. § 1915(g), to revoke Plaintiff's IFP status. The motion is fully briefed. For the reasons discussed below, this motion is granted.

DISCUSSION

I. Legal Standard

A prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

For purposes of a dismissal that may count under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'"  Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes, so the mere fact that a plaintiff has filed many cases does not alone warrant dismissal under § 1915(g).  Id.  Rather, dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Id.

II. Plaintiff's Strikes

Defendants request judicial notice of court records from four prior cases that Plaintiff brought in federal court: (1) Harris v. Edmonds, No. CV-F-00-5857 OWW LJO (E.D. Cal.) (dismissed on Nov. 27, 2000); (2) Harris v. Hickey, No. CV-F-97-5411 OWW HGB (E.D. Cal.) (dismissed on Aug. 8, 1997); (3) Harris v. Hickey, No. CV-F-97-5186 REC-HGB (E.D. Cal.) (dismissed on Jul. 30, 1997); and (4) Harris v. Kenwood, No. 2:11-cv-2388-WBS-CMK (E.D. Cal. Jan. 6, 2014).  The request for judicial notice of these court records is GRANTED.  See Fed. R. Evid. 201(b)(2); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980)(court may take judicial notice

of public records, including its own records and records of other courts).

In <u>Harris v. Kenwood</u>, the Eastern District of California found that Plaintiff filed three previous lawsuits that qualify as strikes under 28 U.S.C. § 1915(g) and, therefore, denied his request to proceed IFP. <u>See</u> Req. Judicial Not., Ex. D.

The Court reviews the three cases noted in <u>Kenwood</u>, and finds that they qualify as strikes. The claims in <u>Harris v. Edmonds</u> were dismissed on the grounds that Plaintiff failed to state a claim upon which relief could be granted and failed to satisfy pleading requirements. <u>See</u> Req. Judicial Not., Ex. A. This qualifies as a strike under § 1915(g).

The claims in <u>Harris v. Hickey</u>, No. CV-F-97-5411 OWW HGB, were dismissed as frivolous. <u>See</u> Req. Judicial Not., Ex. B. This qualifies as a strike under § 1915(g). Likewise, the claims in <u>Harris v. Hickey</u>, No. CV-F-97-5186 REC-HGB, were dismissed as frivolous. <u>See</u> Req. Judicial Not., Ex. C. This also qualifies as a strike under § 1915(g).

Based on the foregoing, Defendants have shown that Plaintiff has suffered at least three "strikes" under § 1915(g). In opposition, Plaintiff does not contest that any of the "strikes" at issue were properly dismissed. Instead, he argues that he has paid the filing fee under Title 15, section 3160 of the California Code of Regulations. Section 3160 provides that an inmate filing a civil action in state court is charged filing fees against his prison trust account but, if he is without sufficient funds at the time of the charge, he shall not be charged for any remaining balance. This argument fails because section 3160 applies to

3

state court filings, not to this federal action. Further, Plaintiff filed a motion to proceed IFP in this case, which the Court granted.

III. Imminent Danger Exception

The plain language of the imminent danger clause in § 1915(g) indicates that "imminent danger" is to be assessed at the time of filing, not at the time of the alleged constitutional violations. Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc). "Imminent danger" may include an ongoing danger of serious physical injury. Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998). Plaintiff has the burden of proving that he is in imminent danger or subject to an ongoing danger of serious physical injury at the time he filed this action.

In his complaint, Plaintiff alleges that Defendants retaliated against him by taking some of his property, altering his criminal record and falsely accusing him. None of these allegations demonstrate that Plaintiff was under imminent danger or subject to an ongoing danger of serious bodily injury at the time he filed his complaint. Plaintiff does not argue to the contrary.

Based on the foregoing, Plaintiff is not entitled to the exception under § 1915(g), and is barred from proceeding IFP in this action. Defendants' motion to revoke Plaintiff's IFP status is granted.

When IFP status is revoked pursuant to § 1915(g), the proper procedure is to dismiss the action without prejudice to re-filing with payment of fees at the time the action is re-filed. See Tienerney v. Kupers, 128 F.3d 1310, 1311 (9th Cir. 1998) (under

§ 1915(g), case was properly dismissed without prejudice to re-filing with payment of filing fees).

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. Defendants' motion for revocation of Plaintiff's IFP status is granted. Doc. No. 19. The Order entered on July 9, 2014 (Doc. No. 24), granting Plaintiff leave to proceed IFP, is VACATED and Plaintiff's IFP status is REVOKED.

2. This case is dismissed without prejudice to Plaintiff's re-filing it with payment of the $400 filing fee.

3. The Clerk of the Court shall terminate all motions and close the file.

IT IS SO ORDERED.

Dated: October 3, 2014

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE